Based upon a review of the record as a whole and the briefs of both parties, and upon hearing extensive oral arguments from both parties, the undersigned make the following
FINDINGS OF FACT
1. Plaintiff suffered a brain injury in a compensable motor vehicle accident while driving a vehicle for her employer. Another vehicle struck plaintiff's vehicle (the employer's van) and caused it to roll over several times. Her injuries are so severe that defendant St. Paul's agreed that plaintiff was permanently and totally disabled without the need for a hearing to make that determination.
2. Plaintiff went to a jury trial with the third party defendant. The jury returned a verdict of $1,279,000.00. The insurance policy limits meant that the maximum sum of $475,000.00 was actually put into trust for the plaintiff.
3. Plaintiff and defendants in this case, St. Paul's Fire Insurance Company, could not agree on the distribution of the third party recovery. In order to attempt to resolve the situation, plaintiff filed a motion in the Superior Court of Mecklenburg County in March of 1994, asking the Court to establish the amount of St. Paul's workers' compensation lien and to permit the disbursement of the remaining insurance funds.
4. The above-mentioned motion was heard by Superior Court Judge Claude S. Sitton. At the conclusion of that hearing, the Judge took the matter under advisement for a period of thirty days and strongly encouraged both St. Paul's and the plaintiff to resolve the matter between themselves. The judge announced his ruling to both parties after it became apparent that the parties could not agree. Judge Sitton signed an Order on July 28, 1994, which allowed $241,677.77 to be awarded to St. Paul's in full satisfaction of its workers' compensation lien. The remaining $233,322.23 was to go to plaintiff. This decision is currently on appeal by defendants to the North Carolina Court of Appeals.
5. On August 12, 1994, St. Paul's contacted all treating physicians and advised that defendants would no longer pay plaintiff's medical expenses. At the same time, St. Paul's stopped paying plaintiff her permanent and total disability compensation.
6. It is noted that the parties had entered into a Form 26 Agreement for lifetime benefits which was approved by the Industrial Commission. No Form 24 Application to Stop Payment was ever approved by the Industrial Commission to allow the termination of benefits. Neither plaintiff's medical condition nor her wage-earning capacity experienced any change during this period of time. In fact, the only reason given on the Form 24 Application submitted to the Industrial Commission on August 24, 1994, was that "plaintiff has received proceeds from a third party recovery to which St. Paul's is entitled, and any further payment of benefits to plaintiff will result in a double recovery by plaintiff in this case."
7. Deputy Commissioner Tamara R. Nance considered defendants' Motion to Stop Payment of Compensation and Motion to Stay Distribution of Third Party Proceeds. Deputy Commissioner Nance, in an order filed on October 4, 1994, determined that the Industrial Commission does not have jurisdiction to act now, and effectively overrule Judge Sitton, until such time as the Court of Appeals rules on defendants' appeal from Judge Sitton's Order. Further, Deputy Commissioner Nance denied defendants' motion to stop payments and specifically ordered defendants to immediately resume payment of compensation and medicals from the date of last payment, pursuant to the Form 26 Agreement which was approved by the Industrial Commission. Deputy Commissioner Nance specifically denied the Form 24 Application on its face.
8. To date, defendants have not resumed payment of compensation.
9. Defendants, in their brief and again at oral argument, have clearly admitted that they had no authority to terminate compensation without the approval of the Industrial Commission. Defense counsel admits that there is no case law to support her clients' position and that she, in fact, openly advised her client to ignore and violate the rules of the Commission and to stop payment without a Form 24 on an admittedly lifetime case in order to achieve the practical result of protecting defendants' money. Defense counsel further admits that payments did not resume following Deputy Commissioner Nance's order to resume immediate payments.
10. Instead, defense counsel has appealed the stop payment denial along with the jurisdiction issue and has necessitated appeal hearing preparation on a case where defendants have openly violated the rules of the Commission and have clearly admitted that there is no legal position on which to stand. Defendants' position cannot be condoned from a legal standpoint despite any practical implications, and defendants' pursuit of their position has been unreasonable at the very least.
The foregoing findings of fact engender the following
CONCLUSIONS OF LAW
1. The Industrial Commission does not have jurisdiction over the disbursement of the third-party funds in this case.
This issue was most recently considered in Buckner v. City ofAsheville, 113, N.C. App. 354, 438 S.E.2d 467, cert. den.336 N.C. 606, 447 S.E.2d 385, (1994). The Court in that case reiterated when the Industrial Commission has jurisdiction over disbursement of third-party funds. The Industrial Commission is not a court of general jurisdiction, and any jurisdiction it exercises must be conferred by statute. The statutory authority for distribution of third-party funds for the Industrial Commission is 97-10.2(f) (1985 version in the present case.) The Industrial Commission has no authority to distribute funds under97-10.2(j). Authority for distribution of funds under that subsection is granted exclusively to the General Court of Justice. The Court must accept jurisdiction to distribute funds when: a.) Judgment is obtained which is insufficient to compensate the subrogation claim of the workers' compensation insurance carrier; or b.) There is a settlement, and the parties apply to the Superior Court judge for distribution for determination of how the funds ought to be distributed.
2. The Superior Court judge in the instant case decided that the judgment was insufficient to compensate the subrogation claim of the workers' compensation carrier and assumed jurisdiction over the distribution of funds under 97-10.2(j). Whether the judge's exercise of discretion was correct or incorrect is not a question for the Industrial Commission to decide. The matter is properly on appeal to the Court of Appeals at this time, and the Industrial Commission will abide accordingly with any of the Court's determinations or directions with regard to this matter.
4. The undersigned find defendants' actions to stop payment (pursuant to an approved Form 26 for lifetime benefits) without obtaining Industrial Commission approval and in open, continued defiance of Industrial Commission rules and orders is reprehensible, unjustified, and cannot go without comment. Defendants have blatantly ignored the Rules of the Industrial Commission and have refused to abide by statutory law. They have broken the law and defendants' counsel boldly proclaimed to the Industrial Commission that she advised her client to pursue this action. The Industrial Commission will not tolerate this type of abuse.
5. It is clear that there was no authority to terminate or suspend plaintiff's workers' compensation and medical benefits while plaintiff is still disabled as a result of a compensable injury. Defendants not only stopped disability compensation to plaintiff but, upon advice of counsel, also refused to provide medical services. Defendants' conduct is egregious, reprehensible, and unlawful. A motion to stop payment after payment has been stopped, which is grounded in no authority under the law, is nothing more than an attempt to use the Industrial Commission to legitimize unlawful actions already taken by defendants. This is further abuse of the workers' compensation system. One who seeks equity must have "clean hands."
6. Counsel for defendants did not request a stay of execution in Superior Court which would accomplish the same result rather than by not paying plaintiff's valid workers' compensation claim.
7. Plaintiff is entitled to immediate resumption of her temporary total disability benefits in a lump sum and with a ten percent penalty and interest on amounts accrued. G.S. 97-18; G.S.97-86.2.
8. Defendants should bear the costs, pursuant to G.S. 97-88
and G.S. 97-88.1, including a reasonable attorney's fee of $4,000.00 as part of the bill of costs for bringing this claim without reasonable grounds.
The foregoing findings of fact and conclusions of law engender the following
AWARD
1. IT IS HEREBY ORDERED that defendants pay all accrued amounts of medical and disability compensation IMMEDIATELY, and DEFENDANTS ARE FURTHER ORDERED to continue making payments pending the outcome of this case on appeal, if an appeal is pursued.
2. Defendants shall pay interest at the lawful rate on the amount due plaintiff payable from the date payments were stopped and shall pay a ten percent penalty on all past due amounts owed to plaintiff.
3. Defendants shall pay plaintiff a reasonable attorney's fee of $4,000.00 as part of the bill of costs and for bringing this claim without reasonable grounds.
This the _____ day of ___________________________, 1995.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
JJB/nwm 05/04/95